## CUSHING & WALLING, v. GEORGE N. BRIGGS, ET AL.

The meaning of the amendment to the " act in relation to poor persons imprisoned for debt, prescribing that "in all cases the justices who commence the examination of the prisoner under the provisions of said act, shall alone have the power to sign and seal the certificate of his discharge," is, that such Justices and none others shall try the case. Where therefore, two Justices, before whom a citation was returned, having administered the oath and put the preliminary questions, adjourned the hearing and at the adjournment only only one of said Justices being present, another Justice was called in and the examination recommenced, but without a second oath, *held* that such an examination was void for want of jurisdiction in the Justices.

Held further, that the defect of jurisdiction could not be cured by the debtor's assent to the examination; but that by submitting to be examined, instead of moving for an adjournment until the two Justices who commenced the proceedings could be present, he gave to his citation a nugatory result, which was the same as a withdrawal, and he could not have the benefit of a new citation, without a change of circumstances, stated in the citation and proved at the trial.

THIS was an action for the breach of a debtor's bond to keep the limits of the jail-yard, to which the defendant pleaded a discharge under the act for the relief of poor persons imprisoned for debt. The facts, as they appeared by the pleadings and the evidence, were as follows :—

The defendant, George N. Briggs, was committed to the County Jail of the County of Providence on execution in favor of the plaintiffs and, on the 20th day of June, 1851, gave his bond in the sum of $425, with Nathan M. Briggs and Warren G. Slack, as sureties, to

keep within the limits of the said prison, until he should be lawfully discharged, without committing any manner of escape, &c. On the same day the defendant issued a citation under the act for " the relief of poor persons imprisoned for debt," returnable on the 28th of June following. On that day, the defendant Briggs and the plaintiffs, by their counsel, appeared before Justices Hart and Porter, who took jurisdiction of the citation and administered the preliminary oath and put the preliminary questions and, thereupon, the counsel for the creditors moved for an adjournment, and the further hearing was continued until June 30th, at 3 o'clock P. M. At the adjournment, .Mr. Hart being out of the city, Mr. Anthony, another Justice of the Peace was called in to sit with Mr. Porter, and without administering the oath a second time, asked the preliminary questions, and after a full examination refused the discharge. Neither party made any objection to the examination. On the 9th of July, 1851, the defendant Briggs issued a second citation, but without annexing thereto or reciting therein any change of circumstances after the taking out of the first citation as required by statute, (Dig. of 1844, p. 171, sec. 18,) when a previous citation has been withdrawn or a discharge refused. The citation was returned on the 17th day of July, and after several adjournments, the defendant was admitted to take the oath on the 25th of July following. At this hearing, the creditor was present by his counsel and there was a full examination and hearing on both sides. The counsel for the creditors objected to the jurisdiction of the Justices and the objection was overruled.

The jury trial in this case was waived under the statute and the cause submitted to the Court upon the pleadings and evidence,

Cushing & Walling v. Briggs et al.

JENCKES for the plaintiff, contended.

The discharge was void. The examination before justices Anthony and Porter was legal. The statute provides that the magistrates who commence the examination, shall alone have power to sign and seal the certificate of discharge. The intent is, that the justices who decide the case shall have fully heard it. It was intended to prevent the debtor from substituting, after a partial hearing, other justices more favorable to him. In this case the examination was commenced. The administration of the oath is no part of the examination ; it is a mere ministerial, not a judicial act. But granting that the oath should have been administered anew, the defect was waived by the debtor's submitting to the examination. It is true, consent cannot confer jurisdiction ; but the statute vests the authority to try these cases in *any two Justices*. A Jurisdiction could not be created by consent in persons not Justices, but where any two Justices meet with the citation, and the parties before them, they have the power, and the statute by requiring that the Justices who commence shall try the case, does not give them exclusive jurisdiction, but confers a privilege which the parties may waive. It is a consent to waive the disabling clause of the statute, or a restriction upon a general power, intended for the creditors rather than the debtor's benefit. (9 New Hamp. 594—6 Shep. 142, 11 Shep. 196. 5 Met. 347.) The citation is under the debtor's control. If he had not intended to abide by the decision, he should have moved for an adjournment. But he did not ; and if the refusal of the discharge is not valid, what has become of the citation ? The citation may be disposed of either by a withdrawal, a dismissal, or a discharge. The debtor was not discharged ; he says

the Court had no power to dismiss, and the only other alternative is a withdrawal or abandonment. If withdrawn, the second citation is void, unless it alleges a change of circumstances.

*Holden* for the defendants, contended. The discharge was valid, because the examination before Justices Porter and Anthony was void. The statute intended that the organization of the Court should not be changed after it had taken jurisdiction. It was intended to prevent the substitution of more favorable Justices after the hearing commenced, not to prevent a decision upon a partial hearing, because that never could have been legal. But if a re-commencement of the examination is to have the effect of the original commencement, the proceeding is liable to the same abuse under the amended as under the former statute. But here the examination was not even recommenced, the preliminary oath not having been administered. And this defect is not cured by the consent of the debtor. If it be true that the Justices had no power, they could acquire none from the consent of the debtor. The power is given by the legislature, and even an express consent cannot confer jurisdiction. The Justices who commence have exclusive jurisdiction. The parties are not limited to any time within which they may object to the want of jurisdiction, but may at any time thereafter treat the proceeding as a nullity.

The statute requires that a change of circumstances shall be alleged in a second citation in two cases, where a discharge is refused, or where the citation is withdrawn. In this case the citation was lost by the non-appearance of the magistrates. If the citation is actually lost, a new citation may issue, and the only effect is that the debtor loses the benefit of his notification. So in this case, the

two justices who commenced not appearing, the benefit of the notification was lost, but the citation—that is the debtor's right to an examination by competent Justices—was not abandoned.

GREENE, C. J., delivered the opinion of the Court.

We think Justices Porter and Hart commenced the examination of the debtor, in the sense of the statute. They administered the preliminary oath, and put the preliminary questions ; the attorney of the creditors being present. The further examination was postponed to a future day on motion of the attorney of the creditors. At the time to which the examination was adjourned, Justice Hart was absent and Justice Anthony was called in to act with Justice Porter. They then proceeded to examine the debtor under the oath administered to him by Justices Porter and Hart ; and the attorney of the creditors being present, also examined the debtor, and there was a full hearing. Justices Porter and Anthony refused a discharge to the debtor.

Upon these facts, we are of the opinion that the examination by Justices Porter and Anthony was a continuation of the examination before Justices Porter and Hart, and that Justices Porter and Anthony had no jurisdiction over the proceedings. The meaning of the section of the statute, which requires the Justices who commence the examination to sign the certificate, is that such Justices, and none others, shall try the case.

The statute was intended to prevent the practice, on the part of the debtor, of getting the examination postponed to another and future day, after having found the Justices first selected unfavorable, and selecting other

Justices to sit at the adjournment, whom he might hope to find more favorable to his application.

And this defect of jurisdiction cannot be cured by consent of both creditor and debtor. Such consent cannot confer jurisdiction when none existed before. The provisions of both statutes are to be construed together, and thus construed, they confer no jurisdiction on any Justice to sit in the examination of a debtor, unless he first commenced it. The creditor and debtor might as well attempt to confer jurisdiction on Justices out of the county. The section of the statute referred to, is not a restriction which the parties might waive, but is an indispensable element in the jurisdiction, without which it cannot exist.

The next question is, has the debtor withdrawn his citation in the sense of the statute?

We think the conduct of the debtor amounts to a withdrawal of his citation in the sense of the statute. He should have moved for postponement until Mr. Hart returned; instead of this, he submitted to an examination by the Justices present, which he must be deemed to know was no examination in law. If he had not appeared at the adjournment, it would undoubtedly have been a withdrawal. By submitting to an examination, instead of asking for an adjournment, he elected to give the proceeding such a direction, as would necessarily render it void. We do not mean to say this was done in bad faith by the debtor, but he must be deemed to know the law.

If at the time of the adjournment, Justices Porter and Anthony had refused the debtor a postponement, his refusal to submit to an examination before them, would not

be considered a withdrawal of his citation. The debtor may be considered in some degree as having the control of the citation. It is issued at his instance, he selects the Justices who are to make the examination ; he is the party who is to appear at the time and place appointed, and, if without fault on his part, the proceeding becomes nugatory, he ought not to be considered as withdrawing his citation.

The statute intended to protect the creditor against repeated citations, withdrawn when the creditor appears, and then renewed. After the debtor has taken out this process, the intent of the statute was that he should take all reasonable means to have it brought to a final trial, and, if he fails to do this, he must be deemed to have abandoned it. In the present case, the examination could not legally proceed, in the absence of Justice Hart ; instead of having the examination deferred until that Justice should return, he elects to go on and be examined by a Court who had no authority to act.

*Judgment for the plaintiffs.*